UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-574-RLV
(3:01-cr-175-RLV-1)

| | |
|---|---|
| **DERRICK ALEXANDER ADAMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

Petitioner filed the instant Motion to Vacate on September 7, 2012, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:01cr175. Petitioner filed a previous Motion to Vacate the same conviction and sentence on August 13, 2004, and the Court dismissed the Motion to Vacate on October 18, 2004. (Case no. 3:04cv398, Doc. Nos. 1; 2). Petitioner filed a second Motion to Vacate the same conviction and sentence on October 18, 2005, and the Court dismissed the Motion to Vacate as a second or successive petition on February 2, 2011. (Case No. 3:01cr175, Doc. Nos. 41; 44: 3:11cv61). Thus, this is the third Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:01cr175.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application

1

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Indeed, on May 10, 2012, and then again on May 14, 2012, the Fourth Circuit denied Petitioner's motions for authorization to file a successive petition. (Case No. 3:01cr175, Doc. Nos. 46; 47). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: March 26, 2013

Richard L. Voorhees
United States District Judge